## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cr-0042 |
| | ) | |
| KAHLID BLYDEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

**BEFORE THE COURT** is the motion of the United States to continue the trial in this matter, currently scheduled to commence on January 19, 2021, and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 25.) For the reasons stated below the Court will grant the motion of the United States and extend the time to try this case up to and including March 1, 2021.

This matter commenced on October 9, 2020, when a criminal complaint was filed against Kahlid Blyden ("Blyden") charging him with one federal drug trafficking offense and two local firearms offenses. An arrest warrant was issued the same day. Thereafter, the warrant was executed on November 2, 2020.

On November 19, 2020, a federal grand jury returned a four count indictment against Blyden charging him with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A), unauthorized possession of a firearm in violation of 14 V.I.C. 2253(a), and unauthorized possession of ammunition in violation of 14 V.I.C. 2256(a). At the arraignment, the trial was scheduled to commence on January 18, 2021. Thereafter, at a pretrial conference before the magistrate judge on December 30, 2020, the trial was reset to commence on January 19, 2021.

On January 5, 2021, the United States filed a motion to continue the trial date and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 25.) In its motion, the United States asserts that "[a]s of January 4, 2021, the lab results for DNA testing on a firearm and

chemical testing on a suspected controlled substance have not been produced." *Id.* at 1. The United States further asserts that "[t]wo requests for testing were timely sought; however, due to the COVID-19 pandemic FBI and DEA forensic laboratories have operated with less personnel than normal causing substantial delays in completing reports." *Id.* Additionally, the United States asserts that "[a]n expedited request was sent to each lab with the stated reason for expedited testing being that trial is scheduled for January 19, 2021." *Id.* The United States reports that the laboratories have informed it that the testing will take up to six weeks to complete.[1] *Id.* Finally, the United States asserts that Blyden does not object to the requested continuance.

On January 6, 2021, the United States filed a notice containing dates from the relevant timeline relating to the requests for laboratory testing.[2] (ECF No. 27.) According to the United States, Blyden was arrested by the Virgin Islands Police Department on August 21, 2020.[3] Thereafter, a request for DNA testing of evidence collected from the August 21, 2020 incident was sent to FBI, and received by the FBI, on September 15, 2020. On December 22, 2020, a request for chemical analysis testing of evidence collected from the August 21, 2020 incident was sent to DEA, and the DEA laboratory received the evidence to be tested the following day. On January 4, 2021, the United States requested expedited testing from both the DEA and FBI laboratories.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Significantly, "[n]o continuance under

---

[1] It is unclear from the United States' motion whether the laboratory testing is expected to be completed six weeks after January 5, 2021, the date of the motion, or six weeks after the evidence was sent to the laboratory, a date the United States did not provide in its motion.

[2] The notice was filed in response to a January 5, 2021 Order requesting more factual information from the United States regarding the timeline relating to the requests for laboratory testing. *See* ECF No. 26.

[3] The federal charges in this matter stem from that incident.

subparagraph (A) . . . shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

In *United States v. Villarreal*, 707 F.3d 942 (8th Cir. 2013), Leo Villarreal ("Villarreal") was charged in a three-count indictment with two counts of aggravated sexual abuse and one count of sexual abuse. *United States v. Villarreal*, 707 F.3d 942, 947 (8th Cir. 2013). Approximately one and a half months after filing the indictment against Villarreal, the Government took several pieces of evidence to a forensic laboratory for DNA testing. *Id.* at 950. Within the next day, the attorney for the Government contacted the laboratory to determine when it would complete testing. *Id.* Immediately thereafter, the attorney for the Government filed a motion to continue the trial date—at that time scheduled to commence approximately one month later. *Id.* The stated reason for the requested continuance was that the DNA analysis was not expected be complete until five weeks after the scheduled trial date. *Id.* Specifically, the attorney for the Government stated that "the DNA results 'could impact plea negotiations between the parties, as well as trial strategies for either party should the case go to trial.'" *Id.* Thus, she "'request[ed] a 60-day continuance so that both parties can receive the DNA results, have time to analyze the results, secure additional testing if needed, and engage in meaningful plea negotiations.'" *Id.* Further, the attorney for the Government "advised the court that she 'ha[d] discussed the status of the DNA testing with defense counsel . . . and he indicate[d] that the defendant ha[d] no objection to a 60-day continuance so that the DNA testing can be completed.'" *Id.* The district court granted the motion to continue "based on its finding 'that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial insofar as . . . additional time is needed so DNA testing can be completed.'" *Id.*

Approximately two months later and one month prior to the new trial date, the attorney for the Government sought a second continuance of the trial date, again based on the need for additional time to complete DNA testing. *Id.* The attorney for the Government also represented that she had "'discussed the status of the DNA testing with defense counsel . . . , and he indicate[d] that the defendant has no objection to a 90-day continuance so that the DNA testing can be completed.'" *Id.* at 951. The district court granted the second motion

to continue the trial for the same reasons as the prior continuance. *Id.* Finally, three months after the second continuance and twenty days prior to the newest trial date, the attorney for the Government sought a third continuance. *Id.* at 952. The district court granted the third motion to continue the trial for the same reasons as the prior continuances. *Id.*

Thereafter, Villarreal moved to dismiss the indictment for violation of the Speedy Trial Act, challenging the three motions for continuances that the government filed. *Id.* Villarreal argued that the periods of delay resulting from the three continuances were not excludable in part because they resulted from a lack of diligent preparation. *Id.* The district court denied the motion to dismiss, finding no lack of diligence on the government's part. *Id.* at 953. After conviction, Villarreal appealed.

The Eighth Circuit concluded that the district court did not clearly err in concluding that the three continuances would best serve the ends of justice. Further, the Eighth Circuit found that the record supported a finding that the delay in testing was not "unreasonable or indicative of a lack of diligence." *Id.* at 954. With respect to the first continuance, the Eighth Circuit explained that

> [t]he record shows that after [the Government] turned the evidence over to the [lab], [the attorney for the Government] immediately called the [lab] to inquire when testing would be completed, and the [lab] staff estimated completion . . . nearly nine weeks later. Villarreal has not shown how the district court clearly erred in concluding that the government was diligent when it (1) immediately inquired when the testing would be completed and (2) filed a motion for continuance the day after the evidence was turned into the [lab] and after the [lab] gave a completion date of approximately [one month after the scheduled trial]. Villarreal has cited no authority that a lapse of 42 days [from his initial appearance to the date the evidence was sent to the lab] is *per se* unreasonable or indicative of a lack of diligence. Villarreal concedes that the government had no obligation to submit the evidence for DNA testing. And, he ignores that the test results could have potentially supplied evidence beneficial to his defense.

*Id.* at 954-55. With respect to the second continuance, the Eighth Circuit explained that

> Villarreal ignores the district court's stated reason for the "ends of justice" finding—that additional time was needed to complete DNA testing. Villarreal does not claim that this was a false reason. Instead, he argues that the government was not diligent enough in obtaining the test results. Again, Villarreal cites no authority setting forth how long is too long for the

*United States v. Blyden*
Case No. 3:20-cr-0042
Order
Page 5 of 5

government to complete DNA testing. He also continues to ignore that the test results could have potentially supplied evidence beneficial to his defense.

*Id.* at 955.

Here, Blyden made his initial appearance on November 2, 2020, the date he was arrested on the federal warrant. The Government sent evidence to the FBI for DNA testing on September 15, 2020, well prior to that date. Additionally, the Government sent evidence for chemical analysis to the DEA on December 22, 2020—50 days after Blyden's initial appearance. Finally, the Government requested expedited testing 13 days after it sent evidence to the DEA and 15 days before the scheduled trial in this matter. Comparing this timeline and the actions of the Government here to those in *Villarreal*, the Court finds that the delays in testing in this matter are not unreasonable or indicative of a lack of diligence.[4] As such, 18 U.S.C. § 3161(h)(7)(C) does not preclude the Court from granting a continuance under 18 U.S.C. § 3161(h)(7)(A). Thus, while the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice so that the DNA testing and chemical analysis of evidence in this case can be completed.

The premises considered, it is hereby,

**ORDERED** that the motion of the United States, ECF No. 25, to continue the trial in this matter is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 1, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter previously scheduled for January 19, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on March 1, 2021, in St. Thomas Courtroom 1.

**Dated:** January 8, 2021

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**

---

[4] Similar to when the evidence was sent for testing in *Villarreal*, the evidence sent to the DEA in this matter was sent approximately one month prior to the scheduled trial date. While the Government's request for expedited testing in this matter was slightly more delayed than the inquiries made in *Villarreal*, the Court does not find this difference to be significant with respect to the Government's diligence.